# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**NATHAN H. CHISM**  **PLAINTIFF**
**ADC #550129**

v.                              No: 4:22-cv-01106-PSH

**DEXTER PAYNE,** *et al.*                              **DEFENDANTS**

## MEMORANDUM AND ORDER

### I. Introduction

Plaintiff Nathan H. Chism filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on November 15, 2022, while incarcerated at the Arkansas Division of Correction's Varner Unit (Doc. No. 2). The Court granted Chism's application to proceed *in forma pauperis* (Doc. No. 3) and directed service on the defendants (Doc. No. 5). Chism alleged that defendants Sergeant Tashalia Dunlap, Corporal Marquis Taylor, and Corporal Latrell White confiscated certain personal property, including some religious materials, at the direction of Lieutenant Jonathon Martin and Major Joseph Mahoney during a cell search on June 9, 2022. He further claimed that defendants Dexter Payne, James Gibson, and Joseph Mahoney were made aware of these violations through the grievance process and failed to take corrective action. After screening Chism's complaint, the Court allowed Chism's First Amendment

free exercise, the Religious Land Use and Institutionalized Persons Act (RLUIPA),[1] and state law conversion claims to proceed and dismissed his remaining claims for failure to state a claim upon which relief may be granted. *See* Doc. Nos. 4 & 21. His claims against a Doe defendant were also dismissed for lack of service. *See* Doc. No. 21.

Before the Court is a motion for summary judgment, a brief in support, and a statement of undisputed material facts (Doc. Nos. 22-24) filed by the defendants, claiming that Chism did not exhaust available administrative remedies with respect to his First Amendment free exercise and RLUIPA claims before he filed this lawsuit. Chism filed a response, brief in support, and a statement of disputed facts (Doc. No. 33-35). He has also filed a motion to compel the defendants to return his property to him (Doc. No. 36). For the reasons described below, the defendants' motion for summary judgment is granted. Chism's motion to compel is denied as moot.

---

[1] RLUIPA provides in part, "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the burden furthers "a compelling governmental interest," and does so by "the least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)-(2). "Congress enacted RLUIPA and its sister statute, the Religious Freedom Restoration Act of 1993 (RFRA), 107 Stat. 1488, 42 U.S.C. § 2000bb *et seq.,* 'in order to provide very broad protection for religious liberty.'" *Holt v. Hobbs*, 574 U.S. 352, 356 (2015) (quoting *Burwell v. Hobby Lobby Stores, Inc.,* 573 U.S. 682, 693 (2014)).

## II.  Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but instead must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  An assertion that a fact cannot be disputed or is genuinely disputed must be supported by materials in the record such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . .".  Fed. R. Civ. P. 56(c)(1)(A).  A party may also show that a fact is disputed or undisputed by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(B).  A dispute is

genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.  Analysis

Defendants argue that they are entitled to summary judgment on Chism's First Amendment free exercise and RLUIPA claims because he failed to exhaust available administrative remedies with respect to those claims before he filed this lawsuit. *See* Doc. No. 23. In support of their motions, the defendants submitted: the declaration of Terri Grigsby-Brown, the ADC's Inmate Grievance Supervisor (Doc. No. 22-1); the ADC's grievance policy (Doc. No. 22-2); a copy of Chism's grievance history (Doc. No. 22-3); a copy of Grievance VSM22-01269 (Doc. No. 22-4); a copy of Grievance VSM22-01270 (Doc. No. 22-5); a copy of VSM22-01271 (Doc. No. 22-6); and a copy of VSM22-02195 (Doc. No. 28-7).

### A.     *Exhaustion of Administrative Remedies*

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Burns v. Eaton*, 752 F.3d 1136,

1141 (8th Cir. 2014). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211; *Hammett v. Cofield,* 681 F.3d 945, 949 (8th Cir. 2012). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id*. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

Pursuant to the ADC's grievance policy, Administrative Directive 19-34, inmates are provided Unit Level Grievance Forms as part of the Inmate Grievance Procedure. *See* Doc. No. 22-2 at 5. To resolve a problem, an inmate must first seek informal resolution by submitting a Step One Unit Level Grievance Form (Attachment I) within 15 days after the occurrence of the incident. *Id.* at 6. Inmates are to "specifically name each individual involved for a proper investigation and response to be completed by the ADC." *Id*. at 5. Only one problem or issue may be grieved per grievance form. *Id.* An inmate must be "specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." *Id*. at 6. A

problem solver or staff member holding the rank of sergeant or above can collect the grievance and return the yellow and pink copies of the grievance to the inmate as receipts. *Id.* at 7. The problem solver or staff member investigates the complaint, and may attempt to resolve the complaint by meeting with the inmate or taking certain other steps, but ultimately must provide a written response at the bottom of the form. *Id.* at 7-8. If the inmate is not satisfied with the resolution or the problem solver does not respond within three working days, he may then complete Step Two of the grievance procedure and submit either the pink or yellow copy of his Unit Level Grievance Form as a formal grievance. *Id.* at 8. The inmate retains either the pink or yellow copy, whichever he did not submit for Step Two. *Id.* at 9. If a formal grievance is medical in nature, it is assigned a code and forwarded to the appropriate medical personnel for response. *Id.* at 10.

The inmate should receive a Response to the Unit Level Grievance Form (Attachment III or IV depending on whether the grievance is medical in nature), or an Acknowledgement or Rejection of Unit Level Grievance (Attachment II). *Id.* at 10-11. If the inmate receives no response, or if the inmate is not satisfied with the response, the inmate can then appeal to the Deputy Director. *Id.* at 12. An inmate's appeal must be written in the space provided on the Response to Unit Level Grievance Form (Attachment III or IV) or the Acknowledgment or Rejection of Unit Level Grievance (Attachment II). *Id.* at 12. The inmate must include the original

Unit Level Grievance Form (Attachment I) and either the Response to Unit Level Grievance Form (Attachment III or IV) or the Acknowledgement or Rejection of the Unit Level Grievance (Attachment II) with his appeal. *Id.* If an inmate fails to submit either of the two pages with his appeal, the appeal may be returned to the inmate as rejected. *Id.* Once the Deputy Director responds or the appeal is rejected, the grievance process is complete. *Id.* at 13. According to the ADC's grievance policy, the entire grievance procedure should be completed within 76 working days absent an extension or unforeseen circumstances. *Id.* at 14. The grievance policy specifically states that inmates must exhaust administrative remedies at all levels of the procedure before filing a federal civil rights lawsuit. *Id.* at 19.

## B.    *Chism's Complaint Allegations*

Chism alleges that defendants Dunlap, Taylor, and White took his personal property at the direction of defendants Martin and Mahoney during a cell search on June 9, 2022. Doc. No. 2 at 5. He claims this property included all his clothing except boxers, socks and a jumpsuit, various personal items, legal paperwork, and religious property. *Id.* Chism alleges that the defendants who took his property did not properly inventory it or comply with prison procedures, and thereby violated his constitutional rights and committed theft under state law. *Id.* at 5-8. He also claims that he endured cold temperatures while wearing only boxers, socks, and a jumpsuit. *Id.* at 8. Finally, Chism alleges the taking of his religious property as well as the

ADC's policy of limiting inmates to one religious book substantially burdened his right to practice the Asatru faith, in violation of the First Amendment, RLUIPA, and the Religious Freedom Restoration Act (RFRA).[2]  *Id.* at 8-10.  He claims that defendants Payne, Gibson, and Mahoney were made aware of these violations through the grievance process and failed to take corrective action.  *Id.* at 9-10.

As stated earlier, only Chism's First Amendment free exercise, RLUIPA, and state law conversion claims were allowed to proceed after screening.  *See* Doc. Nos. 4 & 21.  His claims that the defendants violated his constitutional rights by taking his property were dismissed for failure to state a viable claim.  *Id.*

C.   *Chism's Grievances*

In her declaration, Inmate Grievance Supervisor Grigsby-Brown states that she reviewed Chism's non-medical grievance file for any grievances concerning his claims in this case.  Doc. No. 22-1 at 6, ¶¶ 33-34.  Grigsby-Brown states that she found four non-medical grievances submitted by Chism between June 9, 2022 (the date of the incident described in his lawsuit) and November 15, 2022 (the date he

---

[2] Chism's RFRA claims were dismissed because the RFRA has been found unconstitutional as it applies to the states.  *See* Doc. Nos. 4 & 21.  *See also City of Boerne v. Flores*, 521 U.S. 507 (1997); *see also Williams v. Norris*, 11 Fed. Appx. 656, 2001 WL 357336 (8th Cir. April 11, 2001) (holding that state prisoners "may no longer look to RFRA in free exercise claims, as RFRA has been declared unconstitutional" as to the state government).

filed this lawsuit) that concerned his claims in this case or named any of the defendants. *Id.* Each is described below.

**EAM22-01269.** Chism submitted this grievance on June 9, 2022, stating:[3]

> On 6-9-22 Sgt. Dunlap, Cpl. White, and Cpl. Taylor and a hoe squad rider whose name I don't know did a shakedown in Iso1 under Lt. Martin's direction. Five religious books were stolen from me at this time. The Nature of Asatru by Mark Puryear. Talke of the Norse Warrior Gods by A&E Keavy. The Masks of Odin by Elsa Brita Tichenell (leather bound). The Prose Edda by Snorri Starluson translated by Jesse Byock (leather bound). The Stages of Icelanders- Penguin classics edition. The first three are out of print and the two leatherbound books were gifts. I was given no confiscation form when these books were stolen. They are to be returned or inventoried, a confiscation form written, and placed in my property. All the officers involved are to be disciplined. 4 'Wheel of the Year' religious calendars were also taken. Note: This is NOT a duplicate, this is the only grievance I've written concerning my religious books.

Doc. No. 22-4 at 1. Chism received a response on July 12, 2022, and appealed, stating: "No confiscation form was offered or given to me so the books were stolen. I'm not on punitive and I did not have "an excess amount of property. Return my stolen books. *Id.* at 5. His appeal was subsequently denied. *Id.* at 4.

**EAM22-01270.** Chism submitted also this grievance on June 9, 2022, stating:

> On 6-9-22 Sgt. Dunlap, Cpl. White, and Cpl. Taylor and a hoe squad rider whose name I don't know did a shakedown in my cell in Iso1 under Lt. Martin's direction. I was never given a confiscation form for my property that was stolen by these officers. Items include numerous books and magazines, 1 Sony radio, 1 pr. Sony earbuds, 2 pr. Talkbuds, 5 pens, 8 pks. AA batteries, 3 XXL T-shirts, 1 pk. emery boards, 1 pr.

---

[3] Grievances are transcribed verbatim without any corrections for misspellings or mistakes.

> Fingernail clippers, 1 mirror, 3 bowls w/ lid, 4 bowl lids, 1 coffee cup, plus 4 legal envelopes containing legal work and family correspondence which should never have been touched. The legal work and family letters are to be returned immediately! The rest is to be inventoried, a confiscation form written, and placed in my property. My toothbrush was also taken and needs to be replaced immediately. Note: This is NOT a duplicate, this is the only grievance I've written concerning my non-religious property.

Doc. No. 22-5 at 1. Chism received a response stating that his complaints had already been addressed in response to his other grievances. *Id.* at 4. He appealed, stating that he listed property in this grievance not listed in other grievances. *Id.* His appeal was denied. *Id.* at 3.

> **EAM22-01271.** Chism also submitted this grievance on June 9, 2022, stating:
>
> On 6-9-22 Sgt. Dunlap, Cpl. White, and Cpl. Taylor and a hoe squad rider whose name I don't know did a shakedown in my cell in Iso1 during which they confiscated the book 'The Legend of Broken' by Caleb Carr. This is a library book that I'm allowed to have that is checked out in my name. I did not even receive a confiscation form. This book needs to be returned immediately or removed from the lit of books checked out to me, and the officers mention above need to be made aware of ADC policy regarding shakedowns and confiscations.

Doc. No. 22-6 at 1. He received a response and appealed, again stating that he was not on punitive status and his property should not have been taken without a confiscation form. *Id.* at 4. Chism's appeal was subsequently denied. *Id.* at 3.

> **EAM22-02195.** Chism submitted this grievance on October 30, 2022, stating:
>
> I came off punitive a couple of weeks ago and have put in several requests for my property, if it exists, to be returned to me. I have not received either a response, or my property. If my property hasn't been

> destroyed it is to be brought to me. If it isn't brought to me it will be taken as an admission that my property has been destroyed.

Doc. No. 22-7 at 5. The grievance was rejected as untimely, and Chism appealed. *Id.* at 4. His appeal was also rejected as untimely. *Id.* at 3.

### D.     *Exhaustion as to Payne, Gibson, and Mahoney*

None of the grievances filed by Chism concerning the property taken on June 9, 2022, named defendants Payne, Gibson, and Mahoney or described Chism's complaint allegation that they failed to take corrective action in response to grievances he filed. He also did not allege that Mahoney was involved in taking his property, as he alleged in his complaint. Therefore, Chism failed to exhaust his administrative remedies against these defendants before he filed this lawsuit. Additionally, in response to the motion for summary judgment, Chism admits he did not name Payne, Gibson, and Mahoney in any grievance, and voluntarily agrees to their dismissal.[4]  Doc. No. 34 at 4, ¶ 3. For these reasons, Chism's claims against Payne, Gibson, and Mahoney are dismissed without prejudice.

---

[4] Chism states that he may wish to reinstate his claims against Payne, Gibson, and Mahoney once he completes discovery. Doc. No. 34 at 4, ¶ 3; Doc. No. 35 at 6, ¶ 4. Chism has had ample time to conduct discovery related to the issue of exhaustion. He should also be able to recall whether or not he grieved his allegations that they failed to take corrective action after his religious property was taken in June of 2022. Additionally, defendants have provided a record of grievances filed by Chism, and he has not identified any that may serve to exhaustion his claims against Payne, Gibson, or Mahoney.

### E.     *Exhaustion as to Chism's Free Exercise and RLUIPA Claims*

Although Chism named defendants Dunlap, White, Taylor, and Martin in some of the grievances he submitted, he did not claim that the taking of his religious property or the ADC limiting inmates to one religious book substantially burdened his right to practice the Asatru faith, in violation of the First Amendment or RLUIPA, as he alleged in his complaint.  In fact, he only mentioned that his religious property was taken in one grievance:  EAM22-01269.  At no point did he put defendants on notice that he was complaining about his ability to exercise his religion.  Accordingly, they were not given the "opportunity to correct [their] own mistakes" before being "haled into federal court."  *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).  This is the point of the exhaustion requirement, and it was not met in this case.  For that reason, Chism's free exercise and RLUIPA claims are dismissed without prejudice,[5] and the Court declines to exercise supplemental jurisdiction over his remaining state law conversion claims.[6]

---

[5] Even if Chism had named Payne, Gibson, or Mahoney in the grievances he filed concerning the property that was taken on June 9, 2022, those grievances would not serve to exhaust his claims against them because he did not describe his complaint allegation that the taking of his property interfered with the practice of his religion.

[6] *See ACLU v. City of Florissant,* 186 F.3d 1095, 1098-99 (8th Cir. 1999) ("[W]hen state and federal claims are joined and all federal claims are dismissed on a motion for summary judgment, the state claims are ordinarily dismissed without prejudice to avoid needless decisions of state law . . . as a matter of comity.").  *See also Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990) ("The judicial resources of the federal courts are sparse compared to the states. We stress the need to exercise judicial restraint and avoid state law issues wherever possible.").

## IV. Conclusion

Chism did not complete his administrative remedies with respect to his First Amendment free exercise and RLUIPA claims before he filed this § 1983 lawsuit. Accordingly, the defendants' motion for summary judgment (Doc. No. 22) is granted, and Chism's First Amendment and RLUIPA claims are dismissed without prejudice for failure to exhaust available administrative remedies. Further, the Court declines to exercise jurisdiction over Chism's pendent state law conversion claims. Finally, Chism's motion to compel his property to be returned (Doc. No. 36) is denied as moot.

DATED this 3rd day of October, 2023.

_____
UNITED STATES MAGISTRATE JUDGE